IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟋⟍ D.C.

05 DEC -5 PM 2: 35

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

BARRY MCPHERSON,

      Plaintiff,

v.
                              No. 03-2006 B

FEDERAL EXPRESS CORPORATION,

      Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

---

In an order entered November 8, 2005, this Court granted the motion of the Defendant,

Federal Express Corporation ("FedEx"), for summary judgment as to all claims asserted by the

Plaintiff, Barry McPherson, and dismissed this matter in its entirety. Before the Court is the

Plaintiff's motion for relief from the November 8 order pursuant to Rule 60(b)(6) of the Federal

Rules of Civil Procedure.

Rule 60(b) permits the court, "upon such terms as are just," to relieve a party from a final

judgment or order for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence which by due diligence could not have been discovered in time to move for
> a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or otherwise vacated, or it
> is no longer equitable that the judgment should have prospective application; or (6)
> any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).   A Rule 60(b) motion may only be granted for one of the specifically

enumerated reasons. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998), reh'g and

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  12- 6 -05



suggestion for reh'g en banc denied (May 22, 1998). A party seeking relief under the Rule "must show the applicability of the rule." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001). Stated differently, "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Johnson v. Unknown Dellatifa, 357 F.3d 536, 543 (6th Cir. 2004) (quoting Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993), cert. denied, ___ U.S. ___, 125 S.Ct. 157, 160 L.Ed.2d 59 (U.S. Oct. 4, 2004) (No. 03-10540).

Subsection (6) requests should be granted only in exceptional or extraordinary circumstances. Johnson, 357 F.3d at 543.

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) . . ., which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief.

McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002) (citing Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519 (6th Cir. 2001) (emphasis in original). The standard to be met by the movant is a rigorous one. Id. at 596.

The Plaintiff alleged in this case that FedEx violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq., and the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, et seq. by discriminating against him on the basis that he was an insulin dependent diabetic. In determining that summary judgment was appropriate, the Court found, for reasons articulated in the November 8 order, that McPherson failed to establish a prima facie case

of discrimination under the ADA.

McPherson's Rule 60(b) motion does nothing more than disagree with the Court's previous conclusion, setting forth essentially the same arguments presented in his response to the dispositive motion. As the court observed in <u>Johnson</u>, such an "approach may be appropriate for an appeal on the merits," but it fails to establish entitlement to the extraordinary relief available under Rule 60(b)(6). <u>See</u> <u>Johnson</u>, 357 F.3d at 543 (holding motion that simply rehashes arguments previously proffered to the court insufficient to militate Rule 60(b) relief).[1]

For the reasons set forth herein, the Plaintiff's motion is DENIED.

IT IS SO ORDERED this 5ᵗʰ day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]The Plaintiff also argues in support of his motion that he made a requisite showing of pretext sufficient to overcome summary judgment. However, before the Court may reach the question of pretext, a plaintiff must demonstrate the existence of a prima facie case of discrimination, which McPherson failed to do. Thus, the Court did not have occasion to address the question of pretext. <u>See</u> <u>Williams v. London Util. Comm'n</u>, 375 F.3d 424, 428 (6th Cir. 2004) (setting forth the burden shifting analysis to be considered by the court in ruling on ADA discrimination cases).

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 50 in case 2:03-CV-02006 was distributed by fax, mail, or direct printing on December 6, 2005 to the parties listed.

---

Barry McPherson
5730 Prince Cove
Memphis, TN 38115

Colby S. Morgan
FEDEX CORPORATION
3620 Hacks Cross Rd.
Third Floor, Building B.
Memphis, TN 38125--880

Karen W. Tyler
LAW OFFICE OF KAREN TYLER
4466 Elvis Presley Blvd.
Ste. 206-208
Memphis, TN 38116

Honorable J. Breen
US DISTRICT COURT